IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARVIS LAMAR JOHNSON, # 109384                                                            PLAINTIFF

V.                                    CIVIL ACTION NO. 3:20-CV-501-KHJ-LRA

OFFICER HICKS, et al.                                                      DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This case is before the Court on its own motion for consideration of dismissal. *Pro se* Plaintiff Carvis Lamar Johnson is incarcerated with the Mississippi Department of Corrections. He sues under 42 U.S.C. § 1983, challenging the conditions of his previous confinement at the Rankin County Jail. The Court has considered and liberally construed the pleadings. As addressed below, Defendants Officer Hicks, McQueary Jordan, and Joshua Bridges are dismissed.

I.     Facts and Procedural History

Johnson filed this action on August 5, 2020, when he was a pretrial detainee at the Rankin County Jail. All Defendants are employed at the Rankin County Jail. Johnson generally complains of how Defendants handled his legal mail, placed him in restraints, contaminated his food, denied him medical care, and used excessive force.

First, Johnson claims that he tried to mail a response to this Court on June 21, 2020, but Sergeant Bridges prevented it from going out on time. The response was required by June 24 in *Johnson v. Bramlett*, Case No. 3:20-CV-204-DPJ-FKB (S.D. Miss. June 10, 2020). Johnson alleges the Court gave him another chance to

respond, and he did so. This time, Johnson claims the Court received his response "so [he was] not harmed as a result." Resp. [15] at 2. The Court notes that responses were due in both *Johnson v. Vaughn*, and *Bramlett* around the same time. *Johnson v. Vaughn*, Case No. 3:20-CV-104-TSL-RPM (S.D. Miss. June 16, 2020), at Dkt. No. 12 (response due June 30); *Bramlett*, Case No. 3:20-CV-204-DPJ-FKB, at Dkt. No. 10 (response due June 24). Johnson sent both responses in the same envelope, but they were at first filed only in *Vaughn*. Case No. 3:20-CV-204-DPJ-FKB, at Dkt. No. 13. On July 10, the Court ordered him to show cause why he had not responded in *Bramlett*. *Id.* at Dkt. No. 11. The Court then had the response from *Vaughn* likewise filed in *Bramlett* on July 20. *Id.* at Dkt. No. 12. Two days later, Johnson filed the responses again in *Vaughn* and in *Bramlett*. *Bramlett*, Case No. 3:20-CV-204-DPJ-FKB, at Dkt. No. 13; *Vaughn*, Case No. 3:20-CV-104-TSL-RPM, at Dkt. No. 26.

Johnson also complains of various restraints at the jail. He alleges that Lieutenant Barnett and Captain Vaughn ordered staff to place Johnson in shackles whenever he left his cell. Further, they allegedly placed him in a restraint chair "for nothing" on August 11, 2020, and placed him in lockdown for over sixteen months. Resp.[15] at 2.

As for the excessive force claims, the first one allegedly arose on June 9, 2020, when Officer Hicks pushed Johnson's head "hard" into the window and into the wall several times, and also slammed him to the ground, all while Lieutenant Barnett

2

was present. Compl. [1] at 10; Resp.[15] at 1. Later that day, Hicks allegedly stripped Johnson while he was cuffed and slammed his face on the floor in retaliation for his other lawsuits. Johnson alleges Nurse Burke came to his cell afterwards but did not treat his injuries.

Johnson also states that, on June 12, 2020, Officer Jordan tried to feed him a contaminated meal, which he did not replace. Jordan then allegedly punched Johnson and tried to break his arm in the tray hole of his cell door. Johnson claims Nurse Jennifer then refused to treat him despite knowing of this incident.

Johnson contends Officer Morre tried to feed him a contaminated dinner on June 17, 2020, and would not replace it. Morre then allegedly tried to break Johnson's arm in the tray hole and gave him no medical help afterwards.

Johnson next claims that on September 3, 2020, Officer Croker slammed him to the floor, held his arm, punched his jaw, and pushed him into the cell. Johnson also contends that Croker gave him no medical attention afterwards.

Johnson began this action under 42 U.S.C. § 1983 seeking damages. This, however, is not the first time Johnson has raised many of these claims. For example, Johnson raised his June 9 excessive force claim against Officer Hicks in this Court in *Bramlett*. Order [23], Case No. 3:20-CV-204-DPJ-FKB, at 3. As another example, Johnson raised the June 12 force and food contamination claims against Officer Jordan in *Bramlett. Id.* This list of repetitive claims is by no means exhaustive.

II.   Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Johnson to proceed *in forma pauperis*. Order [9]. His Complaint is subject to sua sponte dismissal under § 1915.

Among others, Johnson sues Officers Hicks and Jordan, and Sergeant Bridges under § 1983. Johnson asserts the mail claim against Bridges. He asserts excessive force claims against Hicks and Jordan. Johnson also raises a contaminated food claim against Jordan.

4

A.   Claim Against Sergeant Bridges

Johnson alleges that Sergeant Bridges delayed his legal mail to this Court. As discussed above, the Court received the mail timely, and Johnson admits he was not harmed as a result. Because there is no factual basis for this claim and because Johnson was not harmed, this claim is frivolous.

B.   Claim Against Officer Hicks

Johnson next claims Officer Hicks beat him on June 9, 2020. When the claim was filed here, it was already pending in *Bramlett*. It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since this claim is already pending against this same Defendant in a previously-filed civil action, the claim is dismissed here as malicious. This dismissal is without prejudice as to the prior pending lawsuit of *Bramlett* and is with prejudice in all other respects. *Id.*

C.   Claims Against Officer Jordan

Johnson accuses Officer Jordan of trying to feed him a contaminated meal and then using excessive force on June 12, 2020. But Johnson raised both claims against Jordan in *Bramlett*, where they are still pending. The claims against Jordan are malicious and will be dismissed. *See Pittman*, 980 F.2d at 995.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, the claim against Defendant Joshua Bridges should be, and is,

DISMISSED WITH PREJUDICE as frivolous.

IT IS FURTHER ORDERED AND ADJUDGED that the claims against Defendants Officer Hicks and McQueary Jordan are DISMISSED as malicious. This dismissal is WITHOUT PREJUDICE to the prior pending lawsuit of *Johnson v. Bramlett*, Case No. 3:20-CV-204-DPJ-FKB and is WITH PREJUDICE in all other respects. The rest of this case will proceed.

SO ORDERED AND ADJUDGED, this the 4th day of January, 2021.

*/s/ Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

6